IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON RAYMOND BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-358-ECM |
| HOUSTON COUNTY JAIL, et al., | ) |
| Defendants. | ) |

**ORDER**

This 42 U.S.C. § 1983 case is pending before the court on a complaint filed by Brandon Raymond Brown, an indigent inmate currently incarcerated at the Houston County Jail. In the instant complaint, the plaintiff challenges the constitutionality of conditions within the kitchen of the jail. The plaintiff, however, makes only general claims for relief and does not state how each properly named individual defendant acted in violation of his constitutional rights. He also lists the Houston County Jail and Trinity Kitchen Employment Agency, presumably the employment agency through which free-world kitchen staff were hired, as defendants. After a thorough review of the complaint, the court finds that it contains deficiencies which the plaintiff should be allowed an opportunity to correct.

Initially, the Houston County Jail is merely a building which is not a legal entity nor a person within the meaning of § 1983 and, therefore, is not subject to suit or liability in a 42 U.S.C. § 1983 action. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003) (holding that penal institutions are generally not considered legal entities subject to suit);

*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that a county sheriff's department "is not a legal entity subject to suit or liability under section 1983."). Consequently, the Houston County Jail is not a viable defendant under Section 1983.

Next, with respect to Trinity Kitchen Employment Agency, the plaintiff may not bring this action against this agency based solely on the actions of its employees *Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997) (holding that for § 1983 liability to attach to a private corporation providing services to inmates a plaintiff must allege his constitutional rights were violated as a result of an established policy or custom of that corporation.. Moreover, liability under § 1983 may not be based on Trinity's role as the employer or supervisor of workers assigned to the jail's kitchen. *See e.g., Massey v. Montgomery County Detention Facility*, 646 F. App'x 777, 780 (11th Cir. 2016). The plaintiff does not identify or challenge any policy of Trinity, instead, he only challenges the actions of personnel employed by Trinity. As to such claims, the plaintiff may proceed only against those individuals personally responsible for the conditions of the kitchen at the Houston County Jail.

Finally, the plaintiff does not provide a clear statement providing each individual defendant with notice of how that defendant acted in violation of his constitutional rights.

Accordingly, it is

ORDERED that on or before June 28, 2019 the plaintiff shall file an amended complaint that:

1. Names as defendants the individual(s) who are ***personally responsible*** for the conditions of the kitchen at that Houston County Jail.

2. Specifically describes how individuals named as defendants acted in violation of his constitutional rights.

The plaintiff is advised that in filing his amended complaint he should present a short and plain statement of the claim showing why he is entitled to relief which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); Rule 8(a)(2), *Federal Rules of Civil Procedure*. "[A] plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. ***The amended complaint will supersede the initial complaint and this case will henceforth proceed only against the defendant(s) named and claims presented in the amended complaint filed in response to this order.***

To aid the plaintiff in filing an amended complaint in response to this order, the Clerk is DIRECTED to provide him with a copy of the form used by prisoners to file complaints and the plaintiff shall utilize this form in filing his amended complaint. The plaintiff is *cautioned* that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure.

DONE this 13th day of June, 2019.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE