UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON RAYMOND BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-358-ECM-WC |
| | ) |
| LT. KING, et al., | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF JAMES BRAZIER**
**PURSUANT TO 28 U.S.C. § 1746**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF HOUSTON** | ) |

1. My name is James Brazier. I am over the age of nineteen and am competent to make this declaration, which is based on my personal knowledge, training and experience.

2. I am employed by the Houston County Sheriff as the Jail Commander over the Houston County Jail. I assumed this position on August 1, 2017. Previously, I was employed as the Assistant Jail Commander over the Houston County Jail.

3. I deny the allegations made against me by Plaintiff as being untrue and completely without basis in law or fact. I deny that I acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. Specifically, I deny that Plaintiff has been housed in unconstitutional conditions or deprived of any rights guaranteed to him by the U.S. Constitution.

4. During the incarceration at issue in this lawsuit Plaintiff was a convicted inmate and a pretrial inmate on his current charges. Plaintiff has been booked into the Houston County Jail multiple times. His relevant incarceration dates are a booking date of March 7, 2019 and a release date of June 21, 2019.

5. The Houston County Sheriff's Office operates the Houston County Jail according to a written set of policies and procedures which govern the conduct of persons employed at the jail.

6. All deputies at the Houston County Jail are charged with the responsibility of reporting infractions by fellow deputies and reporting any problem to the senior deputy present immediately upon learning of the problem.

7. I had no indication that my jail training, policies, procedures or supervision were likely to result in violations of an inmate's constitutional rights. There is no history of abuse by correctional officers or medical staff in the Houston County Jail.

8. The Houston County Jail has a grievance policy for inmates to express complaints. When an inmate has a grievance the inmate may submit a grievance to jail staff. Inmates use a kiosk to submit grievances and other types of communication to jail staff. If a kiosk is not functioning, inmates are provided with paper forms to communicate with jail staff. A grievance will be promptly investigated and answered by a member of jail staff. Most grievances are answered by the grievance deputy. Grievances of an emergency nature may be made orally and are handled immediately. No negative action will be taken against an inmate as a result of filing a grievance. If an inmate is dissatisfied with the response to the grievance, he or she may appeal in writing up the chain of command to the Sheriff.

9. A copy of the Houston County Jail Inmate Rulebook, which contains instructions for submitting a grievance and other jail rules, is issued to each inmate as part of the booking process. Inmates, including Plaintiff, are well aware of the grievance procedures in place in the Houston County Jail.

10. To my knowledge, the Plaintiff did not submit a grievance regarding the allegations contained in this lawsuit other than the length of kitchen shifts. I have never received an appeal from the Plaintiff regarding any grievance that he has filed. I never refused to accept a grievance or an appeal from the Plaintiff. Thus, Plaintiff has failed to follow the grievance procedure in place at the Houston County Jail.

11. In approximately April 2019, I received reports from Corrections Deputies and from a Trinity (the food service company to the jail) employee in the kitchen that a snake had been seen in the part of the kitchen where seldomly used equipment was stored. This snake was reported to me to be to be a white oak or rat snake. I did not receive any report that a snake scared, touched or harmed an inmate or a member of jail or Trinity staff. At this time a seldomly used bean kettle, deep fryer and serving line were stored in one part of the kitchen. Most likely, these items had food or moisture residue and dark hiding places that were attractive to a snake. Further, the jail is built in close proximity to a creek and two retaining ponds where snakes have been seen.

12. I was made aware that Corrections Deputy Lisenby attempted to catch this snake but was unable to as it crawled in the bean kettle. It was also reported to me that other Correction Deputies attempted to locate the snake and were unsuccessful. The bean kettle was welded shut so it could not be opened by officers. As soon as I received these

reports, I contacted the Houston County Maintenance Department so that these pieces of equipment could be removed from the jail kitchen and the area thoroughly cleaned. All three of these pieces of kitchen equipment were hooked up to either electricity or gas lines and had sections that could not be opened for cleaning. Shortly thereafter, this equipment was removed and the area cleaned. No snake was seen at this time. I have received no reports of a snake being seen in the kitchen since this equipment was removed.

13. Occasionally, an inmate will report seeing a snake in a pod. I did not receive such a report during the Plaintiff's incarceration.

14. After this snake was seen in the kitchen inmate workers were not stationed near this equipment.

15. On occasion, inmate workers have worked a twelve hour shift due to worker shortages caused by an inmate being unable to work or being released or transferred from the jail. No matter the shift length, inmate workers are provided with adequate breaks.

16. Had the Plaintiff stated that he did not want to work in the kitchen due to a snake he would not have been subject to lockdown. He would have been transferred to another inmate worker position if a position was available. If a position was not available, he would have been moved back to population.

17. Inmates at the Houston County Jail are issued slides as footwear. Kitchen workers are given rubber boots to wear in the kitchen due to the amount of water involved in working in the kitchen.

18. The commercial dishwasher at the Houston County Jail was used for rinsing purposes during Plaintiff's incarceration. Kitchen workers washed dishes in a three-step

process which involves washing trays by hand with a dishwashing soap and then sterilizing trays by hand with either a bleach or other solution. The trays are then rinsed in the dishwashing machine. Trinity kitchen workers oversee all kitchen inmate workers. The dishwashing machine has been serviced multiple times by an outside contractor. The dishwashing process was implemented to get the best results from the dishwashing machine and extend the operating life of the machine.

19. Houston County Jail serves a hot breakfast, a hot lunch and a hot dinner. Meals meant to be served hot are not intentionally served cold at the Houston County Jail. Every effort is made to serve food in a timely manner at the optimal temperature.

20. On April 20, 2019, Plaintiff, while working as an inmate worker in the kitchen, used curse words and made derogative statements towards a member of the Trinity kitchen staff. Plaintiff pled guilty to this Houston County Jail rules violation on May 1, 2019. Plaintiff did not work in the kitchen following the April 20, 2019 incident.

21. The Houston County Jail, including the kitchen, routinely passes inspections by the Health Department, from the Grand Jury and from the Federal Marshals.

22. Jail records establish that Plaintiff suffered no unconstitutional treatment while confined at the Houston County Jail.

23. I certify and state that the records from the Houston County Jail attached to the Special Report are true and correct copies of the inmate records maintained at the Houston County Jail in the regular course of business. I am the custodian of these records.

24. I declare under penalty of perjury that the foregoing is true and correct. I further declare that I am competent to make this declaration, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the \_\_\_21\_\_\_ day of November, 2019.

_____
JAMES BRAZIER