IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON RAYMOND BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-CV-358-RAH-KFP |
| | ) |
| LT. KING,, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an indigent inmate, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the Houston County Jail. Doc. 1. The Court's Order of Procedure directed Plaintiff to inform the Court immediately of any address change and advised him that a failure to do so within ten days following a change of address would result in dismissal. Doc. 10 ¶ 8. Plaintiff twice complied with this requirement by filing a notice of change of address. *See* Docs. 18, 41. The Court then received information that Plaintiff was no longer at the last address he provided and ordered him to inform the Court of his current address by July 23, 2021. Doc. 51. Plaintiff has failed to provide the Court with a current address or otherwise respond to the Court's Order. Under these circumstances, the undersigned finds that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). However, this case cannot proceed in Plaintiff's absence, and it appears that Plaintiff is no longer interested in prosecuting this

case. Further, additional efforts to secure Plaintiff's compliance would be unavailing and a waste of the Court's scarce resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that generally dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (recognizing that a "district court possesses the inherent power to police its docket" and that sanctions imposed on "dilatory litigants . . . can range from a simple reprimand to an order dismissing the action with or without prejudice").

For these reasons, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice for Plaintiff's failure to comply with court orders and prosecute this case.

It is further ORDERED that by **September 2, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 19th day of August, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE